IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DALE E. HAHN, JR.,** | 6:16-cv-00317-BR |
|       Plaintiff, | OPINION AND ORDER |
| v. | |
| **NANCY A. BERRYHILL,**[1]<br>**Acting Commissioner, Social**<br>**Security Administration,** | |
|       Defendant. | |

**KATHERINE EITENMILLER**
**ROBERT A. BARON**
Harder Wells Baron & Manning, PC
474 Willamette Street
Eugene, OR 97401
(541) 686-1969

      Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] On January 23, 2017, Nancy A. Berryhill was appointed the Acting Commissioner of the Social Security Administration and pursuant to Federal Rule of Civil Procedure 25(d) is substituted as Defendant in this action.

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**HEATHER L. GRIFFITH**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3709

    Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff, Dale E. Hahn, Jr., seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

    Plaintiff protectively filed his applications for DIB and SSI on February 22, 2012.  Tr. 18, 205, 215.[2]  Plaintiff alleged a disability onset date of December 9, 2011.  Tr. 205, 215.

---

    [2] Citations to the official transcript of record filed by the Commissioner on September 6, 2016, are referred to as "Tr."

2 - OPINION AND ORDER

Plaintiff's applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held an initial hearing on February 26, 2014, at which time Plaintiff's counsel and the ALJ agreed a psychological evaluation should take place before the hearing on the merits of Plaintiff's application. Tr. 71-77. The ALJ conducted a second hearing on April 23, 2014. Tr. 35-70. Plaintiff and a vocational expert (VE) testified at the April 23, 2014, hearing. Plaintiff was represented by an attorney at both hearings.

On July 22, 2014, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 18-29. On December 18, 2015, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-4. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On February 22, 2016, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on March 24, 1978. Tr. 205, 215. Plaintiff was 36 years old at the time of the hearing on the merits of his application. Plaintiff has a tenth-grade education. Tr. 42, 244. The ALJ found Plaintiff has past

3 - OPINION AND ORDER

relevant work experience as a resident-care aide and a construction worker. Tr. 27, 64-64.

Plaintiff alleges disability due to kidney cancer, a bulging disc in his lower back, "right knee fractures," and injuries to his anterior cruciate ligament (ACL) and meniscus. Tr. 243.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. *See* Tr. 20-27. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision

if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

# DISABILITY ANALYSIS

## I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden,

the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since December 9, 2011, his alleged onset date. Tr. 20.

At Step Two the ALJ found Plaintiff has the severe impairments of renal-cell carcinoma, right-knee fracture and torn meniscus status-post ACL reconstruction, lumbar degenerative disc disease, urinary frequency, "unspecified depressive disorder," "unspecified anxiety disorder," and "somatic symptom disorder." Tr. 20-21.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 21-22. The ALJ found Plaintiff has the RFC to perform less than the full range of light work except that there must be a restroom on the work premises, Plaintiff must be able to alternate between sitting and standing positions as needed, and Plaintiff can only occasionally stoop or crouch. In addition, the ALJ found Plaintiff can carry out "simple instructions in work involving only simple work-related decisions with few, if any, workplace changes." Tr. 22-27.

At Step Four the ALJ concluded Plaintiff is incapable of performing his past relevant work. Tr. 27.

At Step Five the ALJ found Plaintiff could perform other jobs that exist in the national economy, including storage-facility rental clerk, electrical worker, and assembler of electronic accessories. Tr. 28-29. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 29.

## **DISCUSSION**

Plaintiff contends the ALJ erred when she (1) failed to order a comprehensive physical examination for Plaintiff and (2) discredited Plaintiff's testimony.

### I. **Failure to Order a Comprehensive Physical Examination**

"The Social Security Administration . . . has broad latitude in ordering consultative examinations." *Taylor v. Astrue*, 386 F. App'x 629, 632 (9th Cir. 2010). *See also Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001). "Some kinds of cases, however, do 'normally require a consultative examination,' including those in which 'additional evidence needed is not contained in the records of [the claimant's] medical sources,' and those involving an 'ambiguity or insufficiency in the evidence [that] must be resolved.'" *Reed*, 270 F.3d at 842. When, however, the ALJ finds the evidence is sufficient to support her decision, she is not required to order a consultative examination. *See Taylor*, 386 F.

9 - OPINION AND ORDER

App'x at 632-33. *See also Reed*, 270 F.3d at 843 (reversing the ALJ's decision on the basis that "the ALJ's decision to proceed without ordering a consultative examination by a rheumatologist was not based on a determination that the evidence already in the record was sufficient.").

The Commissioner contends the ALJ did not err when she did not order a consultative examination, and, in any event, the Commissioner contends Plaintiff waived this argument by failing to request a consultative examination at either hearing. "[A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 111, 1115 (9th Cir. 1999). *See also Phillips v. Colvin*, 593 F. App'x 683, 684 (9th Cir. 2015). A court will "only excuse a failure to comply with this rule when necessary to avoid a manifest injustice." *Meanel*, 172 F.3d at 1115.

At the first hearing on February 26, 2014, Plaintiff's counsel and the ALJ extensively discussed the steps that were necessary in order to complete the record. Tr. 71-77. Plaintiff's counsel requested the ALJ to order a comprehensive psychological examination for Plaintiff and to keep the record open for an additional period to permit Plaintiff to submit more records as to his physical impairments. Tr. 75-76. The ALJ granted both requests. Tr. 75-76. At the second hearing on

10 - OPINION AND ORDER

April 23, 2014, Plaintiff's counsel requested the ALJ to keep the record open for an additional 30 days to permit Plaintiff's counsel to submit additional medical evidence.  Tr. 38-39.  The ALJ also granted that request.  Tr. 39.

Despite two separate conversations with the ALJ about steps necessary to complete the record, Plaintiff did not raise the need to order a comprehensive physical examination of Plaintiff.  Accordingly, the Court concludes Plaintiff, by not raising the issue before the ALJ, waived any challenge to the ALJ's failure to develop the record further by ordering a comprehensive physical examination.  Moreover, the Court declines to excuse Plaintiff's waiver of this issue on the basis that it does not result in manifest injustice.  The Court finds the ALJ could reasonably conclude the record was sufficiently complete to render a disability decision because it contained 272 pages of medical records, including 50 pages of records from Plaintiff's primary-care physician who treated Plaintiff for his back pain.  Thus, even if Plaintiff had requested the ALJ to order a comprehensive physical examination for Plaintiff, the ALJ would have had "broad latitude" to deny that request.  *See Taylor v. Astrue*, 386 F. App'x at 632.

On this record, therefore, the Court concludes Plaintiff waived any assignment of error regarding the ALJ's failure to obtain a comprehensive physical examination of Plaintiff.

## II. **Plaintiff's Testimony**

Plaintiff next contends the ALJ erred when she discredited Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). *See also Spelatz v. Astrue*, 321 F. App'x 689, 692 (9th Cir. 2009). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996). *See also Delgado v. Commissioner of Social Sec. Admin.*, 500 F. App'x 570, 570 (9th Cir. 2012).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*,

12 - OPINION AND ORDER

81 F.3d at 834).

At the April 23, 2014, hearing Plaintiff stated he was diagnosed with kidney cancer after he started to feel ill in December 2011 resulting in his left kidney being removed. Tr. 45-46. Plaintiff stated he has back pain caused by "bulging and compressed discs" that results in "really bad sciatica pain in both legs." Tr. 47. Although Plaintiff's last back MRI was taken in 2003, Plaintiff stated his back pain has grown worse since that time. Tr. 59. Plaintiff also stated he has pain in his right knee. Tr. 47. Plaintiff testified he has urinary incontinence and frequency as a result of his back condition causing him to have to urgently use the restroom three or four times per day. Tr. 56-57.

Plaintiff testified he has used a cane to walk "off and on for six years" and that he "usually won't stray far without it." Tr. 50-51. Plaintiff stated he no longer hunts, hikes, goes fishing, or rides motorcycles due to "lack of desire" and pain. Tr. 52. Plaintiff testified he spends "two to three hours" per day sitting in a recliner. Tr. 61.

Plaintiff testified his back begins to hurt if he performs household activities like washing dishes or vacuuming "for more than a couple minutes." Tr. 53. Plaintiff stated he is unable to sit or to stand for a "a period of time" and that he would have to "move around a lot or stretch a lot" if he had a job

13 - OPINION AND ORDER

where he had to sit or to stand. Tr. 60.

In his Adult Function Report dated April 24, 2012, Plaintiff stated he cannot bend or sit for "too long" and cannot lift over 10 pounds. Tr. 265. Plaintiff stated he has difficulty sleeping due to his back and sciatic-nerve pain. Tr. 266. Plaintiff reported he has difficulty washing below his knees while bathing because bending over causes pain. Tr. 267. Plaintiff stated he does not do yard work because he is in "to[o] much pain at [the] current time." Tr. 268. As noted, Plaintiff listed fishing and hunting as among his interests, but noted he has not been able to participate in those activities because he "cannot lift more than 10 [pounds] or walk on [the] river bank safely." Tr. 269.

Plaintiff indicated his conditions affect his abilities to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, complete tasks, and concentrate. Tr. 270. Plaintiff reported he can walk only 50-80 yards before needing to rest depending on the terrain, and severe pain affects his concentration. Tr. 270. Plaintiff indicated he uses a cane approximately 40-50% of the time and that the cane was prescribed to him by a doctor. Tr. 271.

The ALJ discredited Plaintiff's testimony because the extent of Plaintiff's allegations relating to severe limitations caused by chronic pain were not supported, and in some instances were contradicted, by the medical record.

For example, the ALJ correctly noted the medical record did not support Plaintiff's testimony that he had been prescribed a cane to use for the six years leading up to the April 2014 hearing and his presentation at the hearing ambulating with a cane.  The only reports in the medical record of Plaintiff using a cane appear on a November 23, 2010, chart note after Plaintiff suffered a major knee injury while dirt biking and before he underwent surgery to repair the damage and on February 16, 2011, while Plaintiff was recovering from that surgery.  Tr. 502, 545. Notably, however, Plaintiff was capable of full weight-bearing by March 2011 (Tr. 482) and was "released to work without restrictions" on August 11, 2011.  Tr. 477.  Throughout the remainder of the record it was frequently noted that Plaintiff had a steady gait or walked with a mild limp, but Plaintiff was not observed to be ambulating with a cane aside from the period immediately surrounding his knee injury and surgery.  *See, e.g.*, Tr. 514, 515, 520, 526, 529, 542.  The ALJ's observation, therefore, that the medical record did not support Plaintiff's allegations regarding his need to ambulate with a cane strongly supports the ALJ's finding that Plaintiff exaggerated the extent of his limitations.

The ALJ also found Plaintiff's reports of hunting to be inconsistent with the extent of his allegations about his back pain and his limitations with respect to standing and walking.

For example, on October 13, 2011, Plaintiff told his primary-care physician, Darryl George, DO, that he had "been out hunting, but limited [with] walking" because his right knee limited his ability to go up and down hills.  Tr. 535.  Plaintiff, however, stated he managed to go hunting using a knee brace and walking stick and had his partner's help with packing out their "kills."  Tr. 535.  That same day Plaintiff told Dr. George that he took "overnight hunts [of] up to five nights."  Tr. 535.  The ALJ reasonably found this report inconsistent with Plaintiff's testimony in which he stated in April 2012 that he was unable to hunt or to fish.  Tr. 269.  Moreover, the ALJ reasonably found Plaintiff's report of multi-day hunting trips inconsistent with the allegations of significant walking, lifting, and standing limitations in Plaintiff's April 2012 Adult Function Report as well as in Plaintiff's April 2014 hearing testimony.

The ALJ also identified other inconsistencies in Plaintiff's symptom reporting throughout the medical record.  For instance, the ALJ correctly pointed out that although Plaintiff reported to Dr. George on March 5, 2013, that an incisional hernia from his kidney surgery was causing him pain (Tr. 521), he denied experiencing any pain from the incisional hernia in an appointment with his urologist, Christopher Kyle, M.D., on March 15, 2013.  Tr. 461.  Although Dr. Kyle gave Plaintiff a referral to a general surgeon to repair the incisional hernia, as

of December 11, 2013, Plaintiff had not yet made an appointment to do so. Tr. 456. In addition, the ALJ noted that even though Plaintiff alleged his back pain was longstanding and that he has used narcotics and marijuana to treat it since at least mid-2010 (Tr. 556), Plaintiff was able to ride dirt bikes as recently as October 2010 when he tore his ACL doing so. Tr. 351.

Accordingly, on this record the Court concludes the ALJ did not err when he discredited Plaintiff's testimony because he provided legally sufficient reasons supported by substantial evidence for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 30th day of June, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge